## BRIGGS *a.* GAUNT.

*New York Superior Court, General Term ; June,* 1855.

### CONSOLIDATION OF ACTIONS.

An application under the Revised Statutes for the consolidation of several actions into one, may be made by the plaintiff as well as by the defendant.

Appeal from an order at Special Term directing the consolidation of two suits.

The plaintiffs had brought two actions against the defendants, both upon the same contract, but for two distinct instalments accruing upon it. The first suit was commenced on January 3, 1855, at which time the instalment sought to be recovered in the second suit was not due. The second suit was

commenced on the 17th February following. The actions were at a considerable distance from each other upon the calendar.

The plaintiffs applied, upon affidavits showing, in addition to the above facts, that their witnesses chiefly resided in the State of Rhode Island, for an order consolidating the suits, in order that they might not be at the unnecessary expense of bringing witnesses on twice.

The order was granted at Special Term, and the defendants appealed.

HOFFMAN, J.—The order appealed from in this case, directed, on the application of the plaintiff, that the two actions be consolidated into one, to be prosecuted and defended as such, and that the recovery to be had and the judgment to be entered in such consolidated action stand as a recovery and judgment in both such actions respectively, upon certain conditions imposed upon the plaintiffs and afterwards noticed.

Section 40 of the article of consolidation, contained in the Revised Statutes, provides, that when several suits shall be commenced against joint and several debtors in the same court, the plaintiff may, in any stage of proceedings, consolidate them into one action. (2 *Rev. Stats.*, 383). The references by the revisors to 1 Revised Laws of 1813, would seem to warrant the construction of the section to be this, that where a plaintiff had instituted different suits against different obligors, or other parties jointly and severally liable, he could bring all into one action at any stage of the action, or could have joined them originally, although he was not obliged to do so. Section 38 of the above article gives the court a discretion to consolidate actions of this nature. It is obvious, therefore, that by the letter of the statute such a motion as the present may be made as well by the plaintiff as the defendant. This doctrine has been recognized in several of the States.

The consolidation rule, as it was known in the older cases in our courts, related to a different proceeding. It was to stay proceedings in several actions against different defendants until the determination of one of them, when the ground of suit and defence were the same. This practice principally prevailed in insurance cases, where there were several under-

writers in a policy, but traces of the principle of consolidation are apparent in our courts before the statute, and the case of Thompson *v.* Sheppard (9 *Johns.*, 262) seems to have suggested the language of the act.

We are satisfied, therefore, that there is no reason for restricting the construction of the statute to motions by the defendant. The expediency and justice of many cases warrant its application to plaintiffs also, which it plainly permits.

The order at Special Term will be affirmed, with the modification that the plaintiff must pay the costs of the first action down to the order, with $10 costs of the motion. No costs of the appeal to be allowed to either party.